Macrae, J.,
delivered the following opinion:
This is an action on the case instituted in the late Superior Court of Franklin County, by Oscar Filyaw against Archibald T. Bennett, to recover from the defendant, as master and commander and owner of a certain steamboat, damages for the non-delivery and loss of a quantity of tobacco alleged to have been shipped by the plaintiff on board the same, in'December, 1842, to be carried by the defendant from the alleged place of shipment on the Apalachicola river to the city of Apalachicola, to which city said steamboat was alleged to have been bound at the time of shipment.
*399 In the cause below, the defendant filed a plea of the general issue, and upon a trial had upon the issue joined, verdict and judgment were rendered for plaintiff. Various instructions were prayed for by defendant and refused by the Court, and others in lieu thereof were given by the Court to the jury on the trial below; to which refusal of instructions, and instructions given; the defendant excepted, and thereupon sued out his writ of error to this Court, assigning for error the refusal on the one hand, and the giving on the other of the instructions in question.
The questions of error, thus presented for the decision of this Court, will be considered in the order in which they appear from the bill of exceptions, and have been stated by counsel in the argument of this case.
In the first place, then, it is contended for plaintiff in error, that he was not declared against in the Court below as a common carrier, but as a private person, and that under the pleadings he is not liable in the former character.
A common carrier in law has been defined to be one who undertakes for hire or reward to transport the goods of such as chose to employ him from place to place, as a business and not as a casual occupation pro hac vice. 1 Salk., 249. 1 Pick., 50. Story on Bailments, § 495.' Common carries by water are the masters and owners of ships, and all water crafts, including steam vessels, towboats, and other steamboats, belonging to internal as well as coasting and foreign navigation; lightermen, hoymen, ferrymen, canal boatmen, and others engaged in the transportation of goods by water for persons generally, for hire. 5 T. R., 143. 1 Bell’s Com., 467. 2 Steph. N. P., 961. 2 Kent, C. 597, and 2 Am. C. Law cases, 527. But if the owner of a ship employs it on his own account generally, or if he lets the tonnage with a small exception to a single person, and then for the accommodation of a particular individual, he takes goods on board for freight (not receiving them for persons gen- . erally), he will not be deemed a common carrier ; for he does not hold himself out as engaged in a public business or employment.— Story on Bailments, § 501.
It is clear, then, that the steamboat in question comes under the general description of vessels, the masters or owners of which are held to be common carriers in law, and liable as such.
*400 But it is insisted that the plaintiff below should have averred that the defendant was a common carrier in totidem verbis; that the mas» ters and owners of steamboats, &c., not being in all cases liable as common carriers, he should have been charged as a person generally-engaged in carrying goods on board the steamboat “ Louisa,” for persons in general, for hire ; and that in defect of these allegations, this must be regarded and pleaded to as a declaration against the defendant as a private person, on an express contract requiring corresponding proof to sustain it.
Without referring to the case of Dale vs. Hall, 1 Wils. R., 281, we are satisfied, on general principles, that the declaration contains sufficient allegations and averments to charge the defendant as a person following the occupation to which, prima facie, the legal character is attached, in respect whereof he was employed by the plaintiff, to wit, that of a common carrier. The exceptions to the general rule in this regard, stated by Mr. Story in his treatise on Bailments, § 501, indicates plainly that they constitute grounds of defence by way of plea, or proof, by defendant under the general issue, rather than matter to be averred and proved by the plaintiff.
The declaration is in case, and in the first count avers, that the defendant was, before and at the time of receiving the goods there, inafter mentioned, master and commander of a certain steamboat called the “ Louisa,” then lying in the river of Apalachicola, &c., and bound from the place of shipment to the city of Apalachicola ; that the plaintiff thereupon, on a certain day, delivered to the defendant, being then and there the master of said steamboat, three boxes of tobacco, which defendant, as such master, received, to be carried in said steamboat to said city, for a certain reasonable reward, die., and that the defendant, not regarding his duty as such master, did not, nor would, take care of, or safely or securely carry or convey, said boxes of tobacco, in or on board the said steamboat, or otherwise, to said city, but wholly neglected and failed so to do, whereby they were lost, &C.; pursuing, substantially, the usual form of declarations in such cases. The second count is to the same effect, charging the defendant as owner of the steamboat “Louisa.”
A formal inducement does not in any case appear to be necessary in pleading. It appears to be sufficient, if the subject matter of the inducement were alleged in any part of the declaration, but it is use *401 ful in composition, for the purposes of perspicuity and to avoid misconception and dispute, to use such formality. In a declaration against an attorney for negligence, or a coach proprietor, a wharfinger, a captain of a ship, or an inn-keeper, for the loss of goods, &c., it is usual and proper to show, by way of inducement, or at least by other. averment in the. declaration* that the-defendant followed the occupation in respect of which the plaintiff employed him.' If no such allegation be contained in the declaration, the defendant cannot be charged thereon for the breach of a duty which results only from the particular character which he held, and in referénce- to'which he was retained or employed. 1 Chitty’s PL, 290, 291. ’ The declaration here shows that the defendant followed the occupation of master or owner of a steamboat, lying in a navigable river, at a designated place, and bound thence to another designated place, a,s a terminus. Is not this averment sufficient to fix the 'character .which the common law attaches to the masters and .owners of ships, steamboats, &c., so as to charge the defendant with a' breach of the duty which alone results from that character, without an express averment to that effect? Let us see. In.the omission to charge the defendant as a common carrier, in totidem verbis, &c., as insisted on, this declaration does not appear to vary in' that respect from the forms of declarations against masters and owners of ships, &c., in their character of common carriers, as framed by Mr. Chitty, and contained in the second volume of his work on pleading. It would seem quite clear, then, that this distinguished-pleader did not consider an express averment of the character, &c„ as necessary by way of inducement- in the cases which he illustrates, but that the averment of the occupation of mas- . ter or owner of a ship, die., was in such cases, grima facie, sufficient to fix the character of the deféndant as a common carrier. 2 Chitty’s PL, 365, 656, 665. But we are not left to the negative authority furnished by the forms to which we have referred ; for, although it seems that in England it1 was usual formerly to declare' in cases of this kind, setting out the custom of the realm — yet, .it has been since better held that this custom being the common Jaw it heed hot- be stated. 1 Wils. R., 281.. 3 do., 429; Bac. Ab., Carriers, A. Mr. Chitty says, “In case the. carrier must be sued, as if his liability ' was founded on such custoni'or law, and'not on a contract,” and to' fix his character, “ it does not appear to be necessary to commence *402 with an inducement of the defendants being a common carrier, but the declaration will suffic'e if it merely state the delivery to the defendant of the goods,' &c., to be carried from, &c.,&c., and his under.taking to carry accordingly.” 2 Qhitty’s PL, .356, note a.
We therefore consider that the declaration in this case is sufficient to charge the plaintiff in error as a cdmmon carrier in law, and that under the pleadings he is prima facie, liable' as such, if the plaintiff’s al-legationsbe supported by the evidence, the onus probandi being upon the defendant ,to show that in virtue of some special,public notice, or other good legal ground, he was not chargeable and responsible as a common carrier, in his capacity and occupation of master or owner .of the steamboat in question. ~ "
The remaining objection set up by the plaintiff in error is, that no terminus of the voyage in question was proved, and that the Court below érred -in overruling the ■ instruction asked by him to that effect, and in lieu thereof, instructing the jury that if they were satisfied from the evidence that the steamboat “ Louisa ” was bound for Apalachicola, they .might infer from that -fact, in the absence of an express agreement upon the. subject,' that the plaintiff’s goods were to be delivered in Apalachicola, as alleged in the declaration.
It Was clearly proved on the trial below, as appears from the testimony brought up by the bill of exceptions, that the plaintiff in error, was the master of the steamboat in question, plying to and from the city of Apalachicola, on the Apalachicola river, in the year 1842, in answer to an-interrogatory .to that effect to which no exception was taken. It was’further testified by one of the witnesses, that certain boxes of tobacco, of the crop of 1842, belonging to Filyaw, were taken by the latter, the sanie year, to his lower place for 'the purpose of being "shipped to Apalachicola, and these-boxes were spoke'n of by the same witness as having been sent off to Apalachicola at the time before mentioned. It is fully proved, too, that these boxes were shipped on board said steamboat as alleged in the declaration. Whether this, with other evidence adduced, Was sufficient to satisfy'the jury that these boxes of tobacco Were shipped for Apalachicola as the terminus of the voyage as alleged, was clearly a matter of fact which it was their province to determine, and hot otíe as to which the Court should charge them. If they erred in regard to this question of fact, the remedy of the defendant belowwas by motion for a new trial on' *403 that ground. We therefore think that the Court below did not err in overruling this instruction, nor do we consider'that it erred in giving-the last excepted to.
The instruction last mentioned, would seem to be tp the effect, that if it appeared that' the steamboat “ Remisa ” was bound for Apalachicola, and there was,no, evidence that the same was bound also for some intermediate point, so as to contradict that conclusion, then the jury might infer, in the absence of an express agreement to the contiary, that Apalaeliicola must have been the terminus of the voyage and the place of delivery. This appears to be a self-evident proposition, and therefore furnishes no ground for exception, if it were otherwise, objectionable,.and we are satisfied.that it is not.
.Upon the whole case we are of opinion, that the Court below did not err in refusing, on the' one hand, and giving, on the other, the instructions, the subject of the bill of exceptions returned in this, case to this Court. ,
The judgment of. the Court below is therefore: affirmed, with costs.