SMITHERS, Defendant in Error, v. STEAMBOAT WAR EAGLE, Plaintiff in Error.

1. In an action against a steamboat in which it is sought to hold the steamboat responsible as a common carrier, it is not necessary that the petition should expressly state that the steamboat is a common carrier; it is sufficient if it clearly appear from the whole petition that the contract of affreightment, the breach of which is complained of, was entered into with her in that capacity.

*Error to Lafayette Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Ryland & Son,* for plaintiff in error.

I. The court should have granted the instruction asked. The action being founded on tort and not on contract the defendant was bound to use only ordinary care and prudence. (Ready v. Steamboat Highland Mary, 17 Mo. 461.) The action against a boat as such must be founded on contract. (R. C. 1855, p. 304.) The rigid rules applied against common carriers do not apply to actions against boats.

EWING, Judge, delivered the opinion of the court.

The question in this case is whether the allegations in the petition show the liability of the defendant as a common carrier. If so, the court below committed no error in refusing the instructions asked by the plaintiff in error and in overruling his motion for a new trial.

The petition alleges that as the owner of a certain horse he (the plaintiff) shipped him on board of said steamboat War Eagle, with divers other horses, goods and chattels, at the port of St. Louis, in the State of Missouri, to be safely carried, conveyed and delivered to plaintiff at the wharf at the city of Lexington, on the Missouri river, for certain freight and reward in that behalf paid defendant by said plaintiff; and the defendant then and there took and received

the same accordingly to be delivered safely at the wharf at the city of Lexington aforesaid; and the plaintiff states that on the said 10th day of September, 1859, and for a long time before and afterwards, the defendant was and still is a steamboat navigating the waters of this state, to-wit, the waters of the Missouri river. The petition then avers that the said defendant, while so used and being engaged in navigating the waters of the Missouri river, on, &c., and not regarding her duty in that behalf, and while she was discharging freight at the city of Lexington aforesaid, the place at which said horse was to be delivered, wrongfully and unlawfully and through the carelessness and negligence, misdirection and unskillfulness of the officers and crew in taking said horse from the boat, said horse was killed, by reason of which premises defendant did not safely carry, convey and deliver said horse according to the terms of her contract as aforesaid. The answer denies carelessness or negligence, and alleges that the horse lost his life accidentally.

It was proved on the trial that on leading the horse from the boat he fell off the staging and was killed. It is unnecessary, however, to notice the evidence in detail, as in our view of the case the instructions did not present the issues made by the pleadings. The instructions in substance are that the action was not against the defendant as a common carrier, but was founded upon negligence and alleged wrongful acts; and that the defendant was bound for ordinary care and prudence only. The instructions were erroneous if the petition shows the defendant to be a common carrier, and we think it does. It is somewhat informally framed, and the averments respecting the negligence and carelessness of the defendant might have been omitted; but these allegations are but surplusage, and do not vitiate the petition. The petition does not state *totidem verbis* that the defendant is a common carrier, but it must be held good, if the fact appears from the averments, notwithstanding that omission.

The most common and the most important description of carriers by water at the present day in this country are the

owners and masters of steamboats, which boats are in almost all cases engaged in the transportation of goods as well as of persons for hire, and are hence answerable for all goods generally shipped on board unless for losses happening by act of God or the public enemy. (Angell on Carriers, § 83.) An allegation, in a declaration against joint owners of a steamboat, that the defendant, before and at the time of shipment, were the owners and proprietors of the boat and copartners in freighting, and which boat was usually employed in conveying and transporting cotton, &c., for hire, is a sufficient averment of the character of the owner as common carriers. (3 Stew. & Port. 135 ; 2 Selwyn, ——.) In Bennett v. Felyan, 1 Flor. 403, it was held that where a declaration alleges that the defendant followed the occupation of a master or owner of a steamboat plying on a navigable river, it was a sufficient averment to fix the character which the common law attaches to masters and owners of ships, steamboats, &c., so as to charge the defendant with a breach of duty which alone results from that character, without an express averment that the defendant was a common carrier. The court in that case say that the declaration being sufficient, *prima facie*, to make the defendant liable if the plaintiff's allegations are supported by the evidence, the *onus probandi* was upon the defendant to show that, in virtue of some special public notice, or other good legal ground, he was not chargeable and responsible as a common carrier in his capacity and occupation of master or owner of the steamboat in question.

The petition in the case before us does not, it is true, anywhere use the words common carrier, but we think this sufficiently appears from the allegations it contains and the general frame of the petition. It avers that the defendant at and for a long time before the shipment was and still is a steamboat navigating the waters of this state, to-wit, the waters of the Missouri river; that the goods were delivered to and received by the defendant at the port of St. Louis to be safely conveyed to the city of Lexington, on the Missouri

river, for certain hire and reward, and while so engaged in navigating said waters and not regarding her duty in that behalf, on, &c., at, &c. These averments we deem sufficient to fix the character of the defendant as a common carrier; and as her liability to the plaintiff did not therefore depend upon the question of negligence, the instructions asked by the plaintiff in error on that subject were erroneous and were rightly refused.

The judgment will be affirmed; the other judges concurring.